Nott, J.',
delivered the opinion of the court:
This is an action brought to recover damages for the breach, of two contracts entered into by the defendants: the one for the purchase of 2,500 cavalry horses at St. Louis ; the other for the purchase of 2,000 cavalry horses at Chicago. The aggregate damages are laid at $67,500.
The case grows out of contracts similar to those (and out of the identical order of the Chief of the Cavalry Bureau) which received a judicial construction from this court in Wormer's Case, (4 C. Cls. R., p. 258.)
The distinctive feature of that case was, that while the claimant never owned nor tendered any horses within the time prescribed by his contract, yet that he duly applied to the Chief of the Cavalry Bureau for leave to furnish the horses according to the true intent and meaning of the agreement, which permission the chief refused. Upon these facts, we thought that the contractor should not be required to buy and tender horses; and, indeed, that h'e had no right to make needless damages by buying and tendering them, when the defendants had notified him that they would not accept. While there are some points of similarity, there are also some points of difference between that case and this, which will be considered with regard to each of the claimant’s contracts.
I. As to the St. Louis contract, the claimant never went to St. Louis, nor tendered nor owned horses there, nor made any effort or preparation toward filling his contract at that point; *495 nor did he apply to the Chief of the Cavalry Bureau to suspend his order, or to make an exception in favor of his, the claimant’s, preexisting contract. It appears also that the order which constituted an impediment to the performance of the contract was not, in all cases, enforced at St. Louis ; and that, in at least one case, permission was given to the contractor to proceed according to the terms of his agreement, without exacting the inspection which the order required. The claimant was able, and, as profits would accrue, doubtless willing, to perform; but the willingness which the law exacts is one founded on acts and efforts, and not the mere wish or1 anticipation of the mind. The law requires of the contractor all that he can reasonably do, amid the circumstances, toward fulfilling his contract. This contractor did not do all that he could, but, on the contrary, contented himself with a conjecture that as the government’s agents had erred at one place, they would continue to err at all others. The defendants are now called upon to respond for the errors of their agents, and they, the defendants, being innocent, those errors cannot be established by conjecture. The claimant, indeed, applied to Colonel Ekin, of the Quartermaster Department at Washington; but Colonel Ekin properly referred him to his superior, the Chief of the Cavalry Bureau. To that officer h'e should have gone. This branch of the case must be adjudged in favor of the defendants.
II. As to the Chicago contract, the facts differ in two particulars from Wormerh Case. Wormer’s contract was not to be performed at Chicago, but he went to that place while the Chief of the Cavalry Bureau was there, and made his demand upon him then. Chicago was the point where this claimant’s contract was to be performed, and he went there at the proper time, but failed to see the Chief of the Cavalry Bureau. It however appears that the order was publicly promulgated, and rigidly enforced at Chicago; that no quartermaster was permitted to, or did in fact, accept horses, except under the inspection it enjoined; that the claimant saw a number of horse contractors who had applied to the chief, and was informed fully of the fact that that officer positively refused, and repeatedly avowed that he would allow no horses to be received under any contract. Some of these dealers went, moreover, on behalf of all the others then in Chicago; and, although no formal demand was made on the chief in the name of the claimant, they were to *496 all intents and purposes, bis messengers and agents for that purpose. If tbe defendants bad shown that any exception to tbe rule of tbe order was made at Chicago, tbe presumption might be different,* as it is, we think that the claimant’s proceeding to Chicago, taken with tbe other circumstances of tbe ease, evidence tbe fact that be was willing to perform, and was prevented by tbe defendants’ renunciation of their agreement.
Tbe judgment of tbe court is that tbe claimant recover of tbe defendants, on tbe second cause of action in tbe petition alleged, tbe sum of $20,000; and as to tbe first cause of action, that tbe petition be dismissed.